

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print　　　GrantedPublicAccess Logoff JCDICKINSON

**16CL-CV00012 - KEVIN L PIPER V MIDLAND FUNDING LLC ET AL (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**　　Sort Date Entries: ● Descending　Display Options: All Entries
Click here to Respond to Selected Documents　　　　　　　　○ Ascending

---

**03/08/2016**　☐ **Summons Personally Served**
　　Document ID - 16-AASM-65; Served To - ENCORE CAPITAL GROUP, INC; Server - ; Served Date - 07-MAR-16; Served Time - 14:02:00; Service Type - Special Process Server; Reason Description - Served

**03/07/2016**　☐ **Notice of Service**
　　Return of Service on Defendant Encore Capital Group.
　　　　Filed By: JOVANNA RENEE LONGO

**03/01/2016**　☐ **Alias Summons Issued**
　　Document ID: 16-AASM-65, for ENCORE CAPITAL GROUP, INC.
　　☐ **Order - Special Process Server**

**02/29/2016**　☐ **Summons Personally Served**
　　Document ID - 16-AASM-55; Served To - MIDLAND FUNDING LLC R/A CSC; Server - ; Served Date - 23-FEB-16; Served Time - 02:05:00; Service Type - Special Process Server; Reason Description - Served
　　☐ **Summons Personally Served**
　　Document ID - 16-AASM-56; Served To - ASSET ACCEPTANCE, LLC; Server - ; Served Date - 23-FEB-16; Served Time - 02:05:00; Service Type - Special Process Server; Reason Description - Served
　　☐ **Summons Personally Served**
　　Document ID - 16-AASM-57; Served To - ENCORE CAPITAL GROUP, INC; Server - ; Served Date - 23-FEB-16; Served Time - 02:05:00; Service Type - Special Process Server; Reason Description - Served
　　☐ **Summons Personally Served**
　　Document ID - 16-AASM-58; Served To - MIDLAND CREDIT MANAGEMENT INC; Server - ; Served Date - 25-FEB-16; Served Time - 08:50:00; Service Type - Special Process Server; Reason Description - Served
　　☐ **Motion Special Process Server**
　　Motion for Special Process Server; Proposed Order.
　　　　Filed By: JOVANNA RENEE LONGO
　　☐ **Alias Summons Requested**
　　Motion for Alias Summons; Rejection of Service of Process.
　　　　Filed By: JOVANNA RENEE LONGO
　　☐ **Notice of Service**
　　Return of Service on Defendant Midland Funding.
　　　　Filed By: JOVANNA RENEE LONGO
　　　　On Behalf Of: KEVIN L PIPER
　　☐ **Notice of Service**
　　Return of Service on Defendant Asset Acceptance.
　　　　Filed By: JOVANNA RENEE LONGO
　　☐ **Notice of Service**
　　Return of Service on Defendant Encore Capital Group.
　　　　Filed By: JOVANNA RENEE LONGO
　　☐ **Notice of Service**

Case 5:16-cv-06030-BCW　Document 1-1　Filed 03/21/16　Page 1 of 12　**EXHIBIT A**

|  |  |
|---|---|
|  | Return of Service on Defendant Midland Credit Management.<br>**Filed By:** JOVANNA RENEE LONGO |
| 02/24/2016 | ☐ **Alias Summons Issued**<br>Document ID: 16-AASM-58, for MIDLAND CREDIT MANAGEMENT INC. |
| 02/19/2016 | ☐ **Order - Special Process Server**<br>☐ **Alias Summons Issued**<br>Document ID: 16-AASM-57, for ENCORE CAPITAL GROUP, INC.<br>☐ **Alias Summons Issued**<br>Document ID: 16-AASM-56, for ASSET ACCEPTANCE, LLC.<br>☐ **Alias Summons Issued**<br>Document ID: 16-AASM-55, for MIDLAND FUNDING LLC R/A CSC.<br>☐ **Alias Summons Issued**<br>Document ID: 16-AASM-54, for MIDLAND FUNDING LLC.<br>☐ **Trial Setting Scheduled**<br>**Scheduled For:** 03/23/2016; 9:00 AM ; JASON ALFRED KANOY; Caldwell<br>☐ **Hearing Continued/Rescheduled**<br>**Hearing Continued From:** 02/24/2016; 9:00 AM Trial Setting |
| 02/17/2016 | ☐ **Motion Special Process Server**<br>Motion for Special Process Server; Proposed Order.<br>**Filed By:** JOVANNA RENEE LONGO<br>**On Behalf Of:** KEVIN L PIPER<br>☐ **Alias Summons Requested**<br>Motion for Alias Summons.<br>**Filed By:** JOVANNA RENEE LONGO |
| 01/15/2016 | ☐ **Summons Issued-Associate**<br>Document ID: 16-ADSM-42, for ENCORE CAPITAL GROUP, INC.<br>☐ **Summons Issued-Associate**<br>Document ID: 16-ADSM-41, for ASSET ACCEPTANCE, LLC.<br>☐ **Summons Issued-Associate**<br>Document ID: 16-ADSM-40, for MIDLAND FUNDING LLC R/A CSC.<br>☐ **Summons Issued-Associate**<br>Document ID: 16-ADSM-39, for MIDLAND FUNDING LLC.<br>☐ **Trial Setting Scheduled**<br>**Associated Entries:** 02/19/2016 - Hearing Continued/Rescheduled<br>**Scheduled For:** 02/24/2016; 9:00 AM ; JASON ALFRED KANOY; Caldwell |
| 01/14/2016 | ☐ **Filing Info Sheet eFiling**<br>**Filed By:** JOVANNA RENEE LONGO<br>☐ **Pet Filed in Associate Ct**<br>Petition.<br>**On Behalf Of:** KEVIN L PIPER<br>☐ **Judge Assigned** |

Service



# IN THE 43RD JUDICIAL CIRCUIT COURT, CALDWELL COUNTY, MISSOURI

| Judge or Division:<br>JASON ALFRED KANOY | Case Number: 16CL-CV00012 |
|---|---|
| Plaintiff/Petitioner:<br>KEVIN L PIPER<br><br>vs. | Plaintiff/Petitioner's Attorney/Address:<br>JOVANNA RENEE LONGO<br>145 E MAIN ST<br>SUITE A<br>PO BOX 186<br>ADRIAN, MO 64720<br>(816) 787-1979 |
| Defendant/Respondent:<br>MIDLAND FUNDING LLC | Date, Time and Location of Court Appearance:<br>23-MAR-2016, 09:00 AM |
| Nature of Suit:<br>AC Other Tort | LARGE COURTROOM<br>49 EAST MAIN<br>P O BOX 68<br>KINGSTON, MO 64650 |

(Date File Stamp)

## Associate Division Alias Summons

**The State of Missouri to:** MIDLAND FUNDING LLC R/A CSC
Alias:

221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**CALDWELL COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

____2/19/2016____    _____Carnie_____
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)    My commission expires: _____    _____
                                    Date                    Notary Public

**Sheriff's Fees**
Summons                              $_____
Non Est                                $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $____10.00____
Mileage                                $_____ (_____ miles @ $._____ per mile)
Total                                    $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF CALDWELL COUNTY, STATE OF MISSOURI
ASSOCIATE JUDGE DIVISION

| | |
|---|---|
| KEVIN PIPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| MIDLAND FUNDING, LLC, ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ASSET ACCEPTANCE, LLC, AND ) | |
| ENCORE CAPITAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Kevin Piper states that Defendants engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"). Specifically, Defendants contacted the Plaintiff regarding a debt when they knew, or should have known that Plaintiff was represented by counsel regarding the debt, and further, sent to Plaintiff a demand for payment that included interest above what is allowed by law or contract and misrepresented the amount of the debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) as this is a court of competent jurisdiction, and RSMo 506.500 as Plaintif resides in Caldwell County and the Defendants transact business in Caldwell County.

3. Venue in this County according to RSMo 508.010 as this is a county where Defendants transact business and Plaintiff resides.

## PARTIES

4. Plaintiff is a natural person residing in the County of Caldwell, State of Missouri. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

5. Defendant MIDLAND FUNDING, LLC, (hereinafter "MIDLAND") is a limited liability corporation organized pursuant to the laws of the State of Delaware, doing business in the State of Missouri. MIDLAND's Registered Agent in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

6. Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM") is a for profit corporation organized pursuant to the laws of the State of Kansas, doing business in the State of Missouri. MCM's Registered Agent in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

7. Defendant ASSET ACCEPTANCE, LLC, (hereinafter "ASSET") is a limited liability corporation organized pursuant to the laws of the State of Delaware, doing business in the State of Missouri. ASSET's Registered Agent in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

8. Defendant ENCORE CAPITAL GROUP, INC. (hereinafter "ENCORE") is a for profit corporation organized pursuant to the laws of the State of Delaware, doing business in the State of Missouri. ENCORE's Registered Agent in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

9. MIDLAND, MCM, and ASSET are all subsidiaries of ENCORE. Defendants are engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone. Defendants regularly attempts to collect consumer debts it purchases after default

and/or consumer debts alleged to be due to another. Defendants are a "debt collector[s]" as defined by 15 U.S.C. § 1692a(6).

10. The acts of Defendants alleged hereinafter were performed by their employees acting within the scope of their employment with Defendants, and with its actual or apparent authority.

## FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Wells Fargo Bank, N.A., and bearing account number XXXX-XXXX-XXXX-5258 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was consigned, placed or otherwise transferred to ASSET for collection from the Plaintiff.

13. Thereafter, on April 9, 2013, ASSET caused a lawsuit to be filed against Plaintiff. The lawsuit was filed in the Associate Judge Division of the Circuit Court of Caldwell County, State of Missouri, captioned "ASSET ACCEPTANCE, LLC, v. Kevin Piper, Case Number 13CL-CV00104".

14. The lawsuit alleged that the Plaintiff owed ASSET $7,497.31 on the alleged debt, in addition to interest accruing at a rate of 9% per annum.

15. On April 30, 2013, Plaintiff retained counsel to represent him regarding the alleged debt.

16. On May 15, 2013, Plaitniff's counsel filed an Entry of Appearance in the lawsuit, notifying Defendant that Plaintiff retained a lawyer regarding the alleged debt.

17. On October 30, 2013, the Court dismissed ASSET's lawsuit for failure to Asset's failure to appear in Court and prosecute the lawsuit.

18. On or around June 13, 2013, ENCORE acquired ASSET.

19. Thereafter, on dates or dates unknown to Plaintiff, ASSET transferred the alleged debt to MIDLAND FUNDING for collection, another subsidiary of ENCORE.

20. As ASSET was aware that Plaintif was represented by counsel, so too ENCORE, MIDLAND FUNDING and MCM were aware that Plaintiff was retained by counsel as information regarding the alleged debt would have been transferred from ASSET.

21. Despite being aware that Plaitniff was represented by an attorney regarding the alleged debt, on January 14, 2015, MCM sent a letter directly to Plaintiff by mail, stating that MIDLAND had acquired the alleged debt on December 19, 2014.

22. The letter further demanded payment in the amount of $12,429.68 on the alleged debt.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

23. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and fully re-alleged.

24. Plaintiff brings his first claim for relief against MIDLAND, MCM, ASSET, AND ENCORE under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(2)

25. ASSET, a subsidiary of ENCORE, knew that Plaintiff was represented by an attorney regarding the alleged debt.

26. ASSET assigned the alleged to debt another subsidiary of ENCORE, MIDLAND.

27. MCM, also a subsidiary of ENCORE and the servicer of accounts for MIDLAND, contacted the Plaintiff directly attempting to collect on the alleged debt.

28. ENCORE and its subsidiaries had actual knowledge and knew that Plaintiff was represented by an attorney regarding the alleged debt through imputed knowledge.

29. ENCORE and its subsidiaries conspired to transfer the account in an attempt to avoid having to contact the Plaintiff through his attorney.

30. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communication with a consumer in regards to a debt if "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address".

31. Defendants have thus violated 15 U.S.C. § 1692c(a)(2) in having MCM send a letter directly to the Plaintiff regarding the alleged debt.

32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

## COUNT II

### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

34. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and fully re-alleged.

35. Plaintiff brings his second claim for relief against MIDLAND and MCM under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A).

36. The amount demanded of $12,429.68 in the letter sent by MCM to the Plaintiff does not state what part of that amount is principal and what part of that amount is interest.

37. The amount demanded in the letter exceeds the actual principal amount of the alleged debt.

38. The letter does not indicate that interest was currently, or had previously been, accruing on the alleged debt.

39. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from the false representation of "the character, amount, or legal status of any debt".

40. MCM and MIDLAND have violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the alleged debt to be $12,429.68.

41. MCM and MIDLAND's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of MCM and MIDLAND's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

## COUNT III

### VIOLATION OF 15 U.S.C. § 1692f(1)

43. Plaintiff incorporates herein by reference each and every prior allegation as thought fully restated and fully re-alleged.

44. Plaintiff brings his second claim for relief against MIDLAND and MCM under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(1).

45. The amount demanded in the letter from MCM, $12,429.68, minus the amount ASSET alleged was the principal amount in its lawsuit, $7,497.31, leaves an amount of interest equal to $4,932.37.

46. The statutory rate of interest in the State of Missouri on debts where there is no agreed upon rate of interest is 9% per annum.

47. In order for said debts to start accruing interest, the party in ownership of the debt must make demand for payment on the party owing the debt.

48. MIDLAND's first communication, through MCM, to the Plaintiff regarding the alleged debt was on January 14, 2015.

49. In order for $4,932.37 of interest to have accrued at the statutory rate, MIDLAND would have needed to send a demand for payment to the Plaintiff on September 24, 2007.

50. MIDLAND stated that it did not obtain ownership of the alleged debt until December 19, 2014.

51. U.S.C. § 1692f(1) prohibits a debt collector from "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law".

52. MCM and MIDLAND have violated 15 U.S.C. § 1692f(1) by initiating the collection of an amount of interest that is not permitted by law.

53. MCM and MIDLAND's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of MCM and MIDLAND's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Piper prays this honorable Court:

a. Declare that MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., ASSET ACCEPTANCE, LLC, ENCORE CAPITAL GROUP, INC.'s actions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2);

b. Declare that MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC.,'s actions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(A), and 1692f(1);

c. Award Piper actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d. Award Piper statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Piper the cost of this action and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f. Award Piper such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Jovanna R. Longo
Jovanna R. Longo, MO #60294
Longo Law Firm, LLC
505 E. Main Street
Adrian, MO 64720
Tel: 816-787-1979
Fax: 816-569-9909
Email: jovanna@longolawfirm.com